**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4308**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARL RAY MCNEIL, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:02-cr-00098-BO-1)

Submitted:  June 23, 2025                                        Decided:  June 26, 2025

Before NIEMEYER, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Raymond C. Tarlton, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Lucy P. Brown, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina; Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Ray McNeil, Jr., pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1). McNeil appealed his 365-month sentence, arguing that the district court's factfinding in sentencing him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), violated the Fifth and Sixth Amendments. The Supreme Court vacated our prior decision affirming McNeil's sentence and remanded this case to us for further consideration in light of *Erlinger v. United States*, 602 U.S. 821 (2024). *See McNeil v. United States*, 144 S. Ct. 2712, 2713 (2024). We then vacated McNeil's sentence in light of *Erlinger*. The Government now has filed a petition for panel rehearing, arguing that the district court's error in sentencing McNeil as an armed career criminal was harmless. In light of our recent ruling in *United States v. Brown*, 136 F.4th 87 (4th Cir. 2025),[*] we agree that the *Erlinger* error in this case was harmless. We therefore grant panel rehearing and affirm the criminal judgment.

*Erlinger* confirms that the district court constitutionally erred in finding McNeil's ACCA-predicate convictions involved crimes that were "committed on occasions different from one another." 18 U.S.C. § 924(e). However, this error does not require remand if the Government can demonstrate that the error was harmless beyond a reasonable doubt. *Brown*, 136 F.4th at 96 (rejecting defendant's "argument that an *Erlinger* error is per se

---

[*] We held the Government's rehearing petition in abeyance for this court's decision in *United States v. Boggs*, No. 22-4707, 2025 WL 1249364 (4th Cir. Apr. 30, 2025), which was a companion case to *Brown*. The matter is now ripe for disposition.

prejudicial and instead conclud[ing] that it is subject to harmless-error review" (citation modified)).  Because McNeil pleaded guilty,

> the government's harmless-error burden is to show beyond a reasonable doubt that if [McNeil's] indictment had alleged the "different occasions" element of ACCA and if [McNeil] had been correctly advised at his plea hearing that he was entitled to have a jury resolve that issue unanimously and beyond a reasonable doubt, he would have nonetheless waived that right and admitted as part of his guilty plea that his prior offenses were committed on different occasions.

*Id.* at 97 (citation modified).

Here, the plea agreement and the district court informed McNeil "that ACCA's mandatory minimum of 15 years and its maximum of life would apply if the judge found its requirements satisfied." *Id.* at 98.  McNeil's presentence report establishes that the qualifying ACCA predicate crimes of North Carolina common law robbery occurred at three separate stores in three separate locations, and each robbery was separated from the others by at least three days.  *See Wooden v. United States*, 595 U.S. 360, 369 (2022) (explaining that "offenses separated by substantial gaps in time or significant intervening events" generally do not count as a single occasion and that "the further away crimes take place, the less likely they are components of the same criminal event").  And even after McNeil objected to the district court sentencing him under the ACCA, he did not move to withdraw his plea.  *See Brown*, 136 F.4th at 98.  On these facts, "we cannot fathom that [McNeil] would have traded the benefit of pleading guilty for" the unlikely chance of a favorable jury verdict on the different occasions issue.  *Id.* at 99.

3

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*